## CHARLES HOYT *v.* CALVIN HOWELL.

R. S. died intestate, leaving a widow and four daughters, three of whom were married, the complainant being the husband of one; and leaving a farm. The married daughters, with their husbands and the single daughter, conveyed the farm to J. B. for $6,750, with covenants by the husbands and the single daughter of seizin, and against incumbrances, except a decree of the Orphans' Court authorizing the administrator of the intestate, the defendant, to sell lands to pay debts, and of warranty. J. B. paid the consideration money for the farm, and the three husbands and the single daughter, each, deposited one-third of their respective shares of said consideration money in the hands of the defendant, in trust to pay the widow the interest thereof during her life, and after her death to repay the same to the persons who so deposited the same, or their legal representatives; and thereupon the widow executed to J. B. a release of her dower in the said farm; and the defendant, being the administrator of the intestate, by writing under seal, acknowledged that, with assets he had received and should receive, all the debts would be satisfied, and exonerated the lands so conveyed to J. B. from the operation of the said decree of the Orphans' Court. Afterwards, the single daughter died, and by her will gave to the wife of the complainant her share of the said moneys deposited as aforesaid, on the death of the widow; and appointed the complainant executor of her will. Afterwards, the wife of the complainant died, and administration of her estate was granted to the complainant. The widow afterwards died. The complainant, in his own right, exhibited his bill against the defendant, for the proportion of the said money deposited with the defendant which belonged to the said single daughter in her lifetime, and also for the proportion thereof belonging to the complainant, divided to him during the coverture as husband of his said deceased wife, and deposited by him with the defendant.

On demurrer, it was held, that the complainant might come into this Court, in his individual right, to recover the money so deposited by him with the defendant. But that he could not sue in his own right for the money so given to his wife by the will of the single daughter, of which he was executor: that for this claim he could sue only as such executor.

Charles Hoyt exhibited his bill, stating that, in 1832, Ralph Smith died, intestate, seized of the lands described in the bill, leaving a widow, Susan P. Smith, and four daughters, to wit, Eleanor P. Lewis, wife of James Lewis, Jr., Adelia Smith, Anna Maria Hoyt, wife of Charles Hoyt, the complainant, and Charlotte S. Bradner, wife of William B. Bradner. The property described in the bill consisted of the homestead farm of the intestate, containing 149 1-2 acres, a lot adjoining it on the

east, containing 21 acres, and a lot adjoining it on the west, containing 23 acres.

That on the 30th of March, 1835, the said James Lewis and Eleanor P., his wife, the complainant, Charles Hoyt, and Anna Maria, his wife, William B. Bradner, and Charlotte S., his wife, and Adelia Smith, for $6,750 to them in hand paid by one Joseph Booth, by a certain indenture &c., bargained, sold and conveyed to the said Booth, his heirs and assigns forever, the said three tracts of land. That in and by said deed the said James Lewis, Jr., Adelia Smith, Charles Hoyt and William B. Bradner covenanted with the said Booth, his heirs, &c., that the said Lewis and wife, Adelia Smith, Hoyt and wife and Bradner and wife were the lawful owners of said lands, the said Eleanor, Adelia, Anna Maria and Charlotte having inherited the same from their father, Ralph Smith, deceased; and the said James, Adelia, Charles and William did thereby covenant to and with the said Booth, his heirs &c., that the said tracts or either of them were not encumbered by any right of dower, save that of said Susan, widow as aforesaid, nor by any judgment or decree of any Court, save a decree of the Orphans' Court of Morris county, authorizing the administrator of said intestate to sell land to pay debts, nor by any recognizance, limitation or condition whatever ; that the said Eleanor, Adelia, Anna Maria and Charlotte were, up to the time of said conveyance, seized, &c., in fee ; and that the said James, Eleanor, Adelia, Charles, Anna Maria, William and Charlotte had good right to convey ; and that the said James, Adelia, Charles and William, their heirs &c., would warrant &c.

That after the execution of the said deed, to wit, on the 30th of March, 1835, the deed was acknowledged &c.

That the said Susan, widow as aforesaid, in consideration of the yearly value of her dower in the premises being secured to her and paid to her as in the bill after mentioned, did, on the 2d of April, 1835, by deed reciting the consideration of $1 to be to her paid therefor, and written under the deed aforesaid, remise, release and forever quitclaim, unto the said Booth, his heirs &c., all dower and claim of dower in said premises ; which

deed of release was duly acknowledged and recorded on the same day of its date.

That, on the same 2d of April, Calvin Howell, the defendant, who was then sole administrator of &c. of said Ralph Smith, deceased, did, by his deed, acknowledge and make known to all &c., that, with the assets belonging to the estate of his said intestate then in his hands, together with what assets he had had, and with what funds he had received and would receive through the hands of the heirs of said intestate, all the debts of said intestate, so far as he had been able to ascertain the same, would be fully satisfied; and he did thereby, so far as in him lay as administrator as aforesaid, exonerate and discharge all the said lands described in said deed to said Booth from the operation of a certain decree of the Orphans' Court of Morris county, obtained by him for the sale of certain lands of said intestate to pay debts; which said deed or writing under seal was acknowledged on the day of the date thereof. And that all the said three deeds were recorded on the 11th of April 1835.

That at the time of the delivery of the said deed of conveyance to Booth the whole of the said consideration money of $6,750 was paid by the said Booth, and received by the said Adelia Smith and the said James Lewis Jr., William Bradner and the complainant, in right of their respective wives, to be divided equally between them, share and share alike; and that two third parts of the share of each, according to said proportion and division, were by the said Adelia Smith, James Lewis, Jr., William B. Bradner and the complainant, appropriated and applied to their own use; and that they, the said Adelia Smith, James Lewis, Jr., William B. Bradner, and this complainant, in consideration of the release of dower by the said Susan as aforesaid, and in order to secure for her, during her naturnal life, the yearly value of her said dower, did each deposit one third part of their respective shares of the said purchase money paid by Booth, to wit, $562.50 each, in the hands of said Calvin Howell, upon the trust and confidence that the said Calvin should and would, from time to time, pay to the said Susan the yearly interest thereof, for and during her naturnal life, and after her

death to repay the same unto them the said persons so depositing the same with him, or their legal representatives; to which arrangement and deposit the said Susan agreed and accepted the said arrangement in lieu of her right of dower, and thereby, on the said 2d of April, 1835, the said Calvin Howell became possessed of the one-third of the said consideration money paid as aforesaid by said Booth, in trust to pay the yearly interest thereof to the said Susan during her life, and at her death to divide the same equally between the said persons who deposited the same with him, or their legal representatives.

That on the 1st of June, 1837, the said Adelia died, having never married, leaving a will which was proved on the 16th of of June, 1837, by which, among other bequests, she gave to her sister, Anna Maria Hoyt, all her proportion, part or share, (being one-fourth,) of the said monies remaining and being in the hands of Calvin Howell during the natural life of her mother, the said Susan, and appointed Charles Hoyt executor thereof. And that on the 16th of June, 1837, the complainant proved the said will, and received letters testamentary thereon. That afterwards, on the 24th of May, 1839, his wife, the said Ann Maria Hoyt died, intestate, and letters of administration of her personal estate were granted to this complainant in 1847.

That the said Susan, widow as aforesaid, died April 28, 1844, whereby this complainant hath become entitled to demand and have, of and from said Calvin Howell, payment unto him, of the proportion of the said money, which belonged in her lifetime to the said Adelia, and also of the proportion of said money belonging to him, the complainant, to him divided during the coverture, as husband of the said Ann Maria Hoyt, deceased, and deposited by him with the said Calvin Howell, making together $1135, with lawful interest from the death of said Susan.

The bill prays, that the defendant may be declared and decreed to be trustee of the said sums of money so deposited with him by the said Adelia Smith and this complainant, derived from the sale of the said lands and premises, for the benefit of the complainant, and that an account may be taken of the said moneys which the complainant, as aforesaid, claims; and that

the said Calvin Howell, the defendant, may be decreed to pay to the complainant such amount of principal and interest as shall, on such account, appear to be due, after deducting all just claims and demands of the said Calvin Howell as such trustee; and for such other and further relief &c.

To this bill a demurrer was filed, assigning the following causes of demurrer:

1st. That it appears by the bill, that the shares of the proceeds of the sale of the land alleged to have been placed in the hands of the defendant by Adelia Smith and by the complainant, to secure to the widow a sum equal to the value of her dower, and which share of said Adelia was by her devised to the wife of the complainant, is to be considered as real estate, and as such descends to the heirs of the said wife of the complainant, and not to her husband as administrator of his wife; and that the agreement, in said bill stated, that the fund alleged to have been placed in the hands of the defendant was, on the death of said widow, to be paid to Adelia Smith, Charles Hoyt, the complainant, and others, being an agreement in derogation of the C. L., and not in writing, is void.

2d. That said bill joins distinct and separate matters together, in that the complainant claims the share of Adelia Smith, which cannot accrue to him in any other right than as the executor of her will, and in the same bill claims the share of his wife, which can accrue to him in no other right than as the administrator of his wife, or in some other right than as the executor of Adelia Smith; and in that the complainant, if he joined these two distinct matters because the fund out of which they are to be paid is the same, has omitted to make William B. Bradner and James Lewis, Jr., parties, though they appear by the bill to be equally interested in the said fund.

3d. That the bill is filed in the individual right of the complainant, while it appears by the bill that he has in that right no interest in the said fund.

4th. That the complainant appears by the said bill to have had a full and complete remedy at law.

5th.  That the bill shows no sufficient matter of equity, &c.

*F. T. Frelinghuysen* in support of the demurrer. He cited 2 *Story's Eq. Jur.* sec. 793; 1 *Green's Ch.* 30; 1 *Bro. Ch.* 497; 1 *Williams on Executors*, 415; *Story on Plead.* sec. 271, 284.

*C. Parker*, contra. He cited *Cowp.* 795, 7; 2 *Tenn. Rep.* 370; *Wille's Rep.* 405; 7 *John. Ch.* 110, 115; 1 *Green's Ch.* 209; 2 *Ib.* 85; *Penn. Rep.* 558; 2 *Burr.* 177; 2 *Tenn. Rep.* 477; 1 *Williams' Executors*, 569; 2 *Com. Dig.* 209; 2 *Conn. Rep.* 144, 564; 2 *U. S. Dig.* 502; 12 *Pick.* 173, 5; 14 *Ib.* 352; 6 *John. Rep.* 112; 1 *East.* 432; 8 *Mass. Rep.* 219; 2 *Vern.* 302; 10 *Simon's Rep.* 254; 7 *Ib.* 564; *Story's Eq. Pl.* sec. 271, 278; 1 *Myln & Craig*, 616 to 626; *Mitf. Pl.* 181, 2.

THE CHANCELLOR. The first cause of demurrer assigned is not good. By the sale, the lands were converted into money. The case stated in the bill is, that the husbands received the whole money for the share of their respective wives, and that the husbands deposited with the defendant such portions of the money as, with a like portion deposited with the defendant by Adelia Smith, an unmarried daughter of the intestate, made a sum the interest of which would be equal to the yearly value of the dower of the widow of the intestate; which interest was to be paid by the defendant to the said widow; and on her death the sums so deposited with the defendant were to be paid by him to the persons depositing the same.

By this statement the money deposited was the money of the husbands; and the case is the same as if they had deposited money received by them from any other source.

From this view it follows, that the complainant may sue in his individual right, to recover from the defendant, on the death of the widow, the money deposited by him with the defendant.

This disposes of the third cause of demurrer also.

I am also of opinion that the case stated in the bill is a case

for relief in this Court.     This disposes of the 4th and 5th causes of demurrer assigned.

The 2d cause of demurrer assigned is good.

Adelia Smith died before the widow, leaving a will, by which she gave to her sister Anna Maria Hoyt, the wife of the complainant, all her part, (being one-fourth) of the moneys so deposited with the defendant during the life of her mother, the said widow; and appointed Charles Hoyt, the complainant, executor of her will.

After the death of Adelia, and before the death of the widow, Anna Maria Hoyt, the wife of complainant died, intestate, and the complainant took letters of administration of her estate.

The bill is exhibited in the name of Charles Hoyt in his own right for the money in the defendant's hands given by the will of Adelia to his wife; of which will he is executor : he can sue only as executor. And a claim in his right as executor of Adelia's will, would be improperly joined in the same bill with a a claim in his own right.

For this cause of demurrer assigned the demurrer *is* allowed. Order accordingly.